1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  LEAH PAISNER (NJBN 175362015)
   Special Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       FAX: (510) 637-3724
        Leah.Paisner@usdoj.gov
8
   Attorneys for United States of America
9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                              OAKLAND DIVISION

13
   UNITED STATES OF AMERICA,            ) NO. CR 14-00225 JSW
14                                      )
        Plaintiff,                      ) **[PROPOSED] ORDER OF DETENTION**
15                                      )
     v.                                 )
16                                      )
   JIMMIE EARL JONES,                   )
17                                      )
        Defendant.                      )
18                                      )
                                        )
19

20       The parties appeared before the Honorable Kandis A. Westmore on September 17, 2019, for a

21  detention hearing on a supervised release violation petition, filed September 6, 2019. ECF 59.

22       At the hearing, the government moved to detain Jones, arguing that defendant could not meet his

23  burden under 18 U.S.C. § 3143 of demonstrating by clear and convincing evidence that he is not a

24  danger to another person or a flight risk. Both parties proffered information for the Court to consider in

25  reaching a decision on the detention motion. The United States Probation Officer also recommended

26  that Jones be detained, due to the danger he poses to the community and his risk of nonappearance.

27       Jones opposed the detention motion and asked to be released from custody. He argued that there

28

could be a package of conditions that would mitigate his danger and flight risk.

In the supervised release revocation context, the burden is on the defendant seeking release to "establish[] by clear and convincing evidence that the [defendant] will not flee or pose a danger to any other person or to the community. Federal Rule of Criminal Procedure 32.1(a)(6). *See also* 18 U.S.C. § 3143(a); Federal Rule of Criminal Procedure 46(c) and (d); *United States v. Loya*, 23 F.3d 1529 (9th Cir. 1994).

Upon consideration of the parties' proffers and information provided by the United States Probation Officer, as well as Court records in the case against Jones, the Court finds that Jones has not met his burden to provide clear and convincing evidence that he does not pose a danger to the community and is not a flight risk. The Court therefore orders Jones detained pending the resolution of the supervised release violation petition.

At the hearing, Defendant accepted the order of detention and waived findings. As such, the court has not set forth its findings in this order.

The defendant is hereby committed to the custody of the Attorney General for confinement in a corrections facility. The defendant must be afforded reasonable opportunity for private consultation with his counsel. On order of a court of the United States or on request of any attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: 9/18/19

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge

[PROPOSED] DETENTION ORDER    3
CR 14-00225 JSW