UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMREICA,<br><br>Plaintiff,<br><br>v.<br><br>JIMMIE EARL JONES,<br><br>Defendant. | Case No. 14-cr-00225-JSW-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 83 |

Now before the Court for consideration is the motion for compassionate release, pursuant to 18 U.S.C. section 3582(c), filed by Defendant Jimmie Earl Jones ("Mr. Jones"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it HEREBY DENIES Mr. Jones's motion.

**BACKGROUND**

On September 30, 2014, the Court sentenced Mr. Jones to a term of imprisonment of twenty-four months, following a plea of guilty to one count of possessing counterfeit obligations of the United States, in violation of 18 U.S.C. section 472. The Court also imposed a three year term of supervised release, which commenced on November 10, 2015. The Court will discuss Mr. Jones' compliance with his conditions of supervised release in more detail below in its analysis of his motion.

On September 6, 2019, the Probation Officer submitted a Form 12 alleging Mr. Jones violated the terms of his conditions of supervised release. On January 14, 2020, the Court revoked Mr. Jones's term of supervised release and sentenced him to a term of imprisonment of 18 months, to be followed by 6 months of supervised release. Mr. Jones's projected release date on this sentence is December 14, 2020.

Mr. Jones is 49 years old and suffers from asthma. His medical records from June 2020 show that he reported recent asthma attacks. Earlier medical records suggest that his last asthma attack was approximately 13 years ago, but they also show that he has suffered from asthma since he was a child. Recently, he was prescribed an albuterol inhaler. (*See* Declaration of Angela Hansen ("Hansen Decl."), ¶ 4; Hansen Decl., Ex. B, part 1 at 10; Ex. B, part 7 at 211, 222 (noting date of last attack), 223 (2019 report); Ex. C at 37 (noting request to renew and update albuterol inhaler).)

Although the Court sentenced Mr. Jones in January 2020, to date he has not been transferred to a Bureau of Prisons ("BOP") facility, and he is not in BOP custody. Instead, he remains in the custody of the United States Marshal Service at Santa Rita Jail. (*See* Hansen Decl., ¶ 2, Ex. A (Letter from BOP).) On April 23, 2020, Mr. Jones received a letter from the BOP, which stated that because he was not in BOP custody, it "cannot evaluate him for compassionate release and will not be seeking a motion for compassionate release on his behalf at this time." (*Id.*)

**ANALYSIS**

Mr. Jones moves to reduce his sentence based the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act of 2018 (the "First Step Act"), which amended portions of Section 3582. The relevant portion of those amendments provide that:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--

>(i) extraordinary and compelling reasons warrant such a reduction;
>
>…
>
>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

### A.  Mr. Jones Has Satisfied Section 3582(c)'s Exhaustion Requirements.

As noted, Mr. Jones submitted a request to the BOP seeking relief, which has been denied because he is not in their custody. The Government does not dispute that Mr. Jones has satisfied the exhaustion requirements of Section 3582(c). Accordingly, the Court has jurisdiction to consider his motion. *See, e.g., United States v. Rodriguez*, 424 F. Supp. 3d 674, 680-81 (N.D. Cal. 2019).

### B.  The Court Denies Mr. Jones' Motion.

Once a defendant has exhausted administrative remedies, a court may grant a motion for compassionate release if it finds the defendant is not a danger to society, that "extraordinary and compelling reasons warrant" a reduction, and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). In order for a motion for compassionate release to be granted, a defendant bears the burden to show special circumstances meeting the bar set by Congress and the Sentencing Commission. *See United States v. Greenhut*, No. 2:18-cr-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

"Congress has not defined what constitutes 'extraordinary and compelling' other than that '[r]ehabilitation of the defendant alone'" will not meet the standard. *Rodriguez*, 424 F. Supp. 3d at 681 (quoting 28 U.S.C. § 994(t)). Section 994(t) directs that the Sentencing Commission, "in promulgating general policy statements" relating to Section 3582(c)(1)(A), "shall describe what should be considered extraordinary and compelling reasons." The relevant Sentencing Commission policy statement is located at U.S.S.G. section 1B1.13, which sets out four "extraordinary and compelling reasons" that may warrant a sentence reduction. Mr. Jones relies on the provision of the Policy Statement that provides extraordinary and compelling reasons may exist where a defendant is "suffering from a serious physical or medical condition … that

substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, app. note 1(A)(ii).

The Government does not dispute asthma is an underlying medical condition that could qualify as a risk factor for COVID-19, but it argues that Mr. Jones' medical records do not show his asthma is "moderate to severe." Both the Government and Mr. Jones support their positions with cases in which courts have considered motions from defendants who suffered from asthma. For example, Mr. Jones relies on *United States v. Burrill*, No. 17-CR-00491-RS-1, -- F. Supp. 3d --, 2020 WL 1846788, at *3 (N.D. Cal. Apr. 10, 2020) and *United States v. Lee*, No. 19-cr-00410-SI-1, 2020 WL 2512415 (N.D. Cal. May 15, 2020). However, in *Burrill*, the defendant was 75-year-old and, in addition to asthma, suffered from high blood pressure, high cholesterol, diabetes, diverticulosis, blood clots, hearing loss, glaucoma, cataracts, and lower back nerve pain. *Burrill,* 2020 WL 1846788, at *1. The facts in *Lee* are closer to the facts in this case. However, there the defendant noted that officials at Santa Rita jail advised him he no longer needed an inhaler and no longer offered it to him, and the defendant's wife of 25 years attested that as long as she had known him, he had used an inhaler to control his asthma. *Lee,* 2020 WL 2512415, at *1-*2.

The Government relies on two out-of-circuit cases to support its position. In *United States v. Miller*, the court denied defendant's motion for compassionate release. No. 18-cr-30034, 2020 WL 2093370, at *3 (C.D. Ill. May 1, 2020). The court acknowledged that the defendant's asthma presented increased risks associated with COVID-19, but also noted that her medical records showed it was controlled by medication. Therefore, the court determined her asthma was not "moderate to severe." *Id.* The court also noted that, at the time it denied the motion, the BOP facility in which she was housed had no confirmed cases of COVID-19. *Id.* In contrast, it is undisputed that Santa Rita Jail has confirmed cases of COVID-19, and the Northern District had suspended in-person criminal proceedings in light of those outbreaks. As of the date of this Order, in-person criminal proceedings have resumed.

In *United States v. Washington*, the court concluded the 36 year old defendant had not presented sufficient evidence to show his asthma could be considered moderate to severe. No. 14-

4

cr-215, 2020 WL 1969301, at *4 (W.D.N.Y. Apr. 24, 2020). In that case, the defendant also had served approximately 18 months of a 121-month sentence. In contrast, Mr. Jones is scheduled to be released in December of this year. *Id.*, 2020 WL 1969301, at *1.

Mr. Jones is 49-years old. In reply, he notes that, in addition to his asthma, he would be considered obese, which also could place him at greater risk if he were to contract COVID-19. His medical records show that, otherwise, he is healthy. The Court recognizes that Mr. Jones' medical conditions taken in connection with the current pandemic could qualify as "extraordinary and compelling reasons" under Section 1B1.13, application note 1(A)(ii). However, for the reasons that follow, the Court concludes Defendant has not demonstrated he would not pose a danger to the community and that the Section 3553(a) factors counsel against release.

A defendant seeking compassionate release under Section 3582 must also demonstrate that he "is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). The Court should consider: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including character, physical and mental condition, past conduct, criminal history, and drug and alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that release would impose. 18 U.S.C. § 3142(g). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable in determining whether compassionate release is warranted. 18 U.S.C. § 3582(c)(1)(A)(i). The Court concludes the following factors are most relevant to Mr. Jones' request and weigh against granting his motion: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant[.]" 18 U.S.C. § 3553(a).

The underlying charges in this case were non-violent but they were serious. Moreover, within a year after he was released, the Court received a Form 12 alleging that Mr. Jones was not complying with the conditions of his supervised release relating to drug use and his residence.

(*See* Dkt. Nos. 25, 31.) Mr. Jones then failed to appear for the initial appearance on those charges, and the Court issued a warrant for his arrest. (Dkt. Nos. 32-34.) Following his arrest, Mr. Jones was directed to participate in a residential drug treatment program, and, on February 1, 2017, the Court vacated the next hearing. (Dkt. No. 40.) Thereafter, the Court modified Mr. Jones' conditions of supervised release because he was terminated from the residential drug treatment program, although he did alert his probation officer to where he was living. The Court required Mr. Jones' to live in a residential re-entry center ("RRC") for a period of up to six months. (Dkt. No. 41.)

Approximately one month later, the Court received a further Form 12 requesting that the Court issue a warrant for Mr. Jones' arrest because he had been terminated from the RRC. (Dkt. No. 42.) On August 7, 2017, the Court granted a request to issue an amended warrant based on allegations that Mr. Jones' had violated his conditions of supervised release by engaging in new criminal conduct, including the possession of counterfeit currency. (Dkt. No. 46.) On September 19, 2017, the Court revoked Mr. Jones' term of supervised release and sentenced him to twelve months and one day, to be followed by 23 months of supervised release. (Dkt. Nos. 54-55.) Mr. Jones' term of supervised release began on March 12, 2018. On November 5, 2018 and November 30, 2018, the Court took judicial notice of alleged violations of the conditions of his supervised release that related to continued drug use. (Dkt. Nos. 58-59.)

On September 6, 2019, the Court issued a bench warrant for Mr. Jones' arrest based on allegations that he violated his conditions of release by engaging in additional criminal conduct, which again included allegations that he possessed counterfeit currency. The Probation Officer also noted that law enforcement officers arrested Mr. Jones after a high speed chase. (Dkt. Nos. 59, 69.) On September 24, 2019, the Court amended that Form 12 to reflect additional allegations regarding Mr. Jones' compliance with reporting conditions and requirements regarding drug and mental health treatment. (Dkt. No. 69.) Mr. Jones admitted each of the charges in the most recent Form 12, and was sentenced on January 14, 2020.

As set forth above, Mr. Jones has history of non-compliance with his conditions of supervised release. In addition, his supervised release violations included charges involving

possession of counterfeit currency, which is the same conduct that led to the underlying charges in this case.  *Compare Burrill*, 2020 WL 1846788, at *3 (noting that defendant no longer served as an investment advisor and, as such, would not pose a danger to the community in connection with charges that led to his conviction).  For these reasons, the Court concludes that Mr. Jones has not shown he would not be a danger to the community or that the Section 3553(a) factors weigh in favor of release.

## CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Jones' motion.

**IT IS SO ORDERED.**

Dated: August 10, 2020

_____
JEFFREY S. WHITE
United States District Judge